# UNITED STATES DISTRICT COURT
## District of Minnesota

Corporate Commission of the Mille
Lacs Band of Ojibwe Indians

V.

Money Centers of America, Inc., MCA of
Wisconsin, Inc., Mark Wolfington,
Christopher
Wolfington,

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

Case Number: 12-cv-01015 (RHK/LIB)

I, Richard D. Sletten, Clerk of the United States District Court certify that the attached judgment is a copy of the original judgment entered in this action on __12-2-13__ as it appears in the records of court, and that

☐ no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

☐ no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on

☒ an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on **SEE ATTACHED ORDER**

☐ an appeal was taken from this judgment and the appeal was dismissed by order entered on

**IN TESTIMONY WHEREOF,** I sign my name and affix the seal of this Court.

December 23, 2013
Date

RICHARD D. SLETTEN, CLERK

_____
(By)Larry Lewis, Deputy Clerk

†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.

AO450 (Rev. 5/85) Judgment in a Civil Case

# UNITED STATES DISTRICT COURT
## District of Minnesota

Corporate Commission of the Mille
Lacs Band of Ojibwe Indians

**JUDGMENT IN A CIVIL CASE**

V.

Case Number: 12-cv-01015 (RHK/LIB)

Money Centers of America, Inc., MCA of
Wisconsin, Inc., Mark Wolfington, Christopher
Wolfington,

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

the Commission's Motion for Entry of Final Judgment against Money Centers of America, Inc. and MCA of Wisconsin, Inc. and to Dismiss Remaining Claims Against Those Two Defendants (Doc. No. 245) is **GRANTED**, Counts III–VI of the Commission's Second Amended Complaint (Doc. No. 129) are **DISMISSED WITH PREJUDICE** against MCA, and the Clerk of Court is **DIRECTED TO ENTER JUDGMENT** as to Count I of the Second Amended Complaint (Doc. No. 129) against MCA.

IT IS FURTHER ORDERED THAT:

Plaintiff Corporate Commission of the Mille Lacs Band of Ojibwe Indians recover of Defendants Money Centers of America, Inc. and MCA of Wisconsin, Inc. the sum of $5,623,690.83 plus prejudgment interest at a rate of 10% per year.

| December 2, 2013 | RICHARD D. SLETTEN, CLERK |
|---|---|
| Date | |
| | s/L. Brennan |
| | (By)  L. Brennan, Deputy Clerk |

C:\Users\brennan\Documents\JUDGMENTS ORDERS ETC\12cv1015 JUDGMENT 120213.wpd

Form Modified: 09/16/04

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Corporate Commission of the Mille
Lacs Band of Ojibwe Indians,

                        Plaintiff,        Civ. No. 12-1015 (RHK/LIB)
                                          **ORDER**

v.

Money Centers of America, Inc., et al.,

                        Defendants.

      This matter is before the Court on Plaintiff Corporate Commission of the Mille Lacs Band of Ojibwe Indians' ("the Commission") Motion to Expedite an Order to Certify Judgment for Registration in Other Districts Under 28 U.S.C. § 1963 (Doc. No. 289). On September 30, 2013, the Court granted the Commission summary judgment on its breach-of-contract claim against Defendants Money Centers of America, Inc. and MCA of Wisconsin, Inc. (collectively "MCA"). Upon the Commission's Rule 54(b) Motion, the Court entered judgment against MCA on that claim on December 1, 2013, and dismissed the Commission's remaining claims against MCA with prejudice. MCA has since appealed the judgment, but has not filed a supersedeas bond and the Court declined to stay execution of the judgment without a bond. (See the Court's 12/17/13 Order denying MCA's Motion, Doc. No. 288.) As of December 17th, the Commission was entitled to execute the judgment against MCA, but only in this District. As there is no evidence MCA has assets in the District of Minnesota, the Commission now moves

the Court to Certify the Judgment so that it may seek to enforce the judgment in other districts where MCA's assets may be found.

28 U.S.C. § 1963 provides, "a judgment . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal *or when ordered by the court that entered the judgment for good cause shown*." When the statute was amended in 1988, the "good cause" provision was inserted "to deal with the anomaly that a judgment for which no supersedeas bond had been posted was enforceable during appeal only in the rendering district." Chicago Downs Ass'n, Inc. v. Chase, 944 F.2d 366, 371 (7th Cir. 1991) (quotations omitted) (emphasis added). Here, as MCA has appealed but not filed a supersedeas bond, the Commission contends there is "good cause" for the Court to certify the judgment.

When determining "good cause," courts primarily look to the location of the judgment debtor's assets. While it is the Commission's burden to show good cause, the standard is not particularly rigorous—"good cause is demonstrated where a judgment debtor lacks assets in the district rendering the judgment but holds assets in another district." Woodward & Dickerson v. Kahn, No. 89 Civ. 6733, 1993 WL 106129, at *1 (S.D.N.Y. Apr. 2, 1993); see also Chase, 944 F.2d at 367 (affirming certification of judgment where no supersedeas bond and judgment debtor owned substantial property in other districts but none in judgment district); Residential Funding Co. v. Terrace Mortg. Co., Civ. No. 09-3455, 2013 WL 235905, at *1 (D. Minn. Jan. 22, 2013) (Nelson, J.) (same); Johns v. Rozet, 143 F.R.D. 11, 12–13 (D.D.C. 1992) (certifying judgment where

"recovery of [plaintiffs'] judgment [wa]s at risk in light of the defendants' failure to post the supersedeas bond" and defendant disclosed no assets located within judgment district but held substantial assets in another district); Assoc. Business Tel. Sys. v. Greater Capital Corp., 128 F.R.D. 63, 66–67 (D.N.J. 1989) ("[T]his court concludes that the distinct possibility of plaintiff being faced with an unsatisfied judgment is sufficient 'good cause' to order the registration entered.").

The Commission asserts that MCA lacks assets in Minnesota but has assets elsewhere, specifically offices in Pennsylvania and bank accounts in Wisconsin. MCA does not dispute this; it merely responds that the assets the Commission seeks are encumbered. As MCA not filed a bond—and in fact cannot file a bond due to its precarious financial condition—recovery of the Commission's judgment is at risk. This risk coupled with the fact that MCA's only assets (and thus the Commission's only hope for recovery) are located outside this district constitutes sufficient "good cause" for the Court to certify the judgment pending appeal.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that the Commission's Motion to Expedite an Order to Certify Judgment (Doc. No. 289) is **GRANTED** and the Clerk is authorized to certify the Judgment (Doc. No. 277) for registration in another district under 28 U.S.C. § 1963. Plaintiff may register the Judgment in any judicial district or districts in which MCA's assets may be found, including districts within the states of Pennsylvania and Wisconsin.

Dated: December 20, 2013

                                          s/Richard H. Kyle
                                          RICHARD H. KYLE
                                          United States District Judge